HAZEN W. HARRIMAN *versus* LEONARD F. CUMMINGS.

Where an execution has been levied upon the land of one of the several debtors therein, unless it appears with certainty that the debtor, whose estate has been taken, selected one of the appraisers, or was notified to choose one and neglected, the levy will be void.

*Thus,* where the return of the officer is indorsed on the back of the execution, and therein he certifies that A. B., one of the appraisers, was chosen by *the debtor* within named, (without stating by which of the debtors,) *it was held* that such return was insufficient.

Whether the certificate of appraisers which is fatally defective is amendable, so that the intervening claim of a third person, who had notice of the levy, may be affected thereby — *quære.*

WRIT OF ENTRY, to recover a parcel of land in the town of Porter. It is admitted that the title to the premises in controversy was formerly in Meshach Pike, from whom each party now claims title; the tenant, under the levy of an execution in favor of Davis & al., against Joseph J. Merrow and said Pike, the creditors in said execution having conveyed to him the title they acquired by the levy; the demandant, under a deed from said Pike to him, made subsequent to the levy.

A STATEMENT OF FACTS was agreed upon by the parties, and the case is thereupon submitted to the full Court. The validity of the levy is controverted. But two of the appraisers signed the return; and, in the agreement of the parties, it is admitted that they will amend their return, if they can legally do so, by adding thereto as follows:—"and we have this day appraised the same upon our oaths aforesaid, at the sum of five hundred and fourteen dollars and fifty-two cents, and no more, in full satisfaction of this execution and all fees, and we have set out the same tract of land by metes and bounds to the creditors within mentioned."

And, if the Court permit said amendment to be made, and the levy shall be adjudged sufficient in law, or if so adjudged without such amendment, judgment shall be rendered for defendant; otherwise, for the demandant.

It appears by the return of the appraisers, indorsed on said execution, and also by the certificate of the officer, that the appraisers were sworn to appraise such real estate of *the within named Meshach Pike* as should be shown to them to be appraised, &c.

The officer, among other things, certifies in his return, on the back of the execution, that, the creditors " thinking proper to levy the execution on the real estate of *the within named Meshach Pike,* to satisfy this execution and all fees, I have this day (May 19, 1846,) caused the appraisers (naming them,) to be sworn, &c., to appraise such real estate of *the within named Pike* as should be shown to them, to satisfy this execution, &c., the said J. W. being chosen by myself, and the said J. H. by L. D. S., the creditors' attorney, and the said G. M. R. *by the debtor within named,* and the aforesaid tract of land," &c.

*D. Hammons,* argued for the demandant : —

The levy is invalid. It appears that Pike, at the time of the levy, resided in the town in which the estate, levied on as his, is situated. But it does not appear, that he either selected, or was notified to choose one of the appraisers, and declined to appoint one. This should appear affirmatively. R. S., 1841, c. 94, § 4; *Means* v. *Osgood,* 7 Maine, 146; *Thompson* v. *Oakes,* 13 Maine, 407, and ibid, 157; *Pierce* v. *Strickland,* 26 Maine, 411.

The officer returns that " the debtor" chose one of the appraisers. But which debtor, Merrow or Pike? The proceedings do not show.

The appraisers do not state in their return that they entered upon, appraised, or set off the land. R. S. c. 94, § 6. Nor does this appear in the return of the officer. R. S. c. 94, § 24; *Felch* v. *Tyler,* 34 Maine, 463; *Huntress* v. *Tiney,* 39 Maine, 237.

Even if the appraisers' return were amended as proposed, the return of the officer would be fatally defective. The officer refers to their return for one purpose only, that of de-

scribing the land.   Their return  is not referred to by him to show that they set off the  land,  nor  does he  state  that they set it off, nor does he in any way adopt their certificate as a part of his return.

Now, after a lapse of  twelve years, it is proposed  that the appraisers be  permitted  to amend their return, so as to make valid and effectual  their proceedings, admitted  to  be, as they now appear, wholly ineffectual  to  pass  the  estate; thus per-mitting  the  appraisers, by their  mere  certificate, to do what could not  be  done  by a  witness  under  oath;  to  supply  de-fects in their  proceedings, that parol testimony would be in-admissible  to  supply; and  that too,  against the  intervening rights of third  parties.   *Means*  v.  *Osgood,*  7 Maine,  147; *Pierce*  v.  *Strickland,* 26 Maine, 561.

No authority for such an  amendment as  that asked for, of a return of appraisers, can be found either in this State or in Massachusetts.

Only two  of the  appraisers  signed  the  certificate  of re-turn;  and it does not  appear  that  the  third appraiser acted, nor is any reason  stated  why the  return  was  not signed by him.   R. S. of 1841, c. 94, § 9.

*Ayer & Wedgwood,* for the defendant, contended: —

That by the officer's  return it  appeared with sufficient cer-tainty that one of the  appraisers  was  chosen  by Pike, " the debtor within named."   The  debtor named within, may well be construed to mean in the return made by the officer.   And "within" the  return no  other  debtor  is  named  than  Pike. No legal necessity exists  requiring  the  Court to recognize a fatal ambiguity beyond the well defined and unambiguous lan-guage of the officer's return.

The return of the  appraisers  is referred  to and  adopted, as to the  description of the  land; all other  requirements of the statute appear in his return to have been complied with.

The necessity for the  amendment of the  appraiser's re-turn, as asked for, is admitted.   And, for aught that appears, the appraisers have  full data by which to amend.   The lapse

of time furnishes no valid objection to the performance of an act, when the principle is admitted upon which the act is founded, if the rules of law which govern the performance are observed. And especially in a case like this, where the admission of the principle is alone in controversy, and the possession of the means to amend is not controverted in the agreed statement of facts. The mode of procedure is correct, if this comes within the class of cases legally amendable.

The rights of third parties have not intervened so far as to prevent the amendment. The record of the appraisers' and officer's return furnishes abundant knowledge to subsequent claimants under the debtor, "that all the requirements of law have, probably, been complied with," and, if after this, in the language of the Court, in *Whittieer* v. *Varney*, 10 N. H. 291, "he will, notwithstanding, attempt to procure a title under the debtor, he should stand chargeable with notice of all the facts, the existence of which is indicated and rendered probable by what is stated in the record, and the existence of which can be satisfactorily shown to the Court."

The existence of such facts in this case is shown to the demandant by the record, and to the Court, by the agreement of facts. If there were nothing else, the record of the officer's return is a sufficient basis for the appraisers in making their amendment. *Fairfield* v. *Paine*, 23 Maine, 498; *Fitch* v. *Tyler*, 34 Maine, 464.

It appears that all the appraisers were sworn, and that all acted in the appraisement, which are all the facts required to be certified in this particular.

The opinion of the Court was drawn up by

TENNEY, C. J.—Both parties claim title to the land in dispute from Meshach Pike; the tenant, under a levy of an execution, (in favor of Dorrance Davis and another against one Merrow and said Pike,) attempted to be made on May 19, 1846; and the demandant, under a quit-claim deed from said Pike, made subsequent to the levy. It is conceded that, if

the levy is not legally sufficient to transfer the estate from the debtor Pike to the creditors in the execution, the title is not in them, as the return now stands.

The officer returns upon the execution that G. M. Randall, one of the appraisers, was chosen "by the *debtor* within named." Whenever a creditor thinks proper to have his execution levied upon the real estate of his debtor, the officer holding the execution, &c., shall cause such real estate to be appraised by three discreet and disinterested men, one to be chosen by the creditor, one by the officer, and another by the debtor. The latter is entitled to notice from the officer, if he lives in the same county in which the real estate is situated, with an allowance of a reasonable specified time, within which to appoint an appraiser, as before mentioned. R. S. of 1841, c. 94, § 4.

It is very obvious that the Legislature intended that the owner of real estate, about to be taken upon execution, should have the opportunity of appointing an appraiser to assist in the proceedings. And if he did not make this appointment, or be so notified that he could do it, provided his residence was such as to be entitled to the notice, the levy would be void, notwithstanding another debtor in the same execution might make the appointment without the authority of the owner of the real estate. This proposition is not controverted on the part of the tenant. But it is insisted that the return shows that G. M. Randall was chosen an appraiser by Meshach Pike, the owner of the land levied upon, and one of the debtors in the execution, and, upon the construction put upon the return, that "by the debtor named" is intended the debtor named in the *return* of the officer.

This construction is not satisfactory. When any instrument is written upon another instrument, and a person named in the latter is intended to be referred to in the former, it is usual to use the language, "the within named A. B.," &c. And so of the subject matter of the instrument upon which some writing is made. The indorsement of the payment of a sum of money upon a promissory note of hand is often in

the words, "received twenty dollars," or whatever the sum may be, "on the within," meaning, unquestionably, the note. It is quite manifest that when the officer returned upon the execution on which the levy was made, that an appraiser was chosen by the debtor *within named*, he referred to the debtor named in the *execution*. For, after dating his return, he says, "the debtors *within named* failing to satisfy this execution," &c. The *debtors*, in the plural number, are not found in the return at all, by their own proper names, the Meshach Pike, one of them, is mentioned by name, and repeated.

Every thing stated in the officer's return may be true, and Meshach Pike not have chosen an appraiser, or have had notice to do so. "The debtor *within* named," may as well be conjectured to have been James J. Merrow as Meshach Pike, as there is no absolute certainty that it was one rather than the other.

The case before us is not distinguishable from that of *Hathaway* v. *Larrabee*, 27 Maine, 449, in respect to the question which we are now considering. The officer having a writ against three defendants, returned as attached all the right, title and interest, the *defendant* has in and to any real estate in the county of Penobscot. It was held by the Court that the language was too vague and uncertain to create a lien by attachment on the estate of either one of those defendants.

The return upon the execution, signed by the appraisers, is so defective that it is not insisted, by the party claiming under the levy, that it is sufficient without an amendment to transfer the estate. And it is agreed by the parties that a specified amendment may be made, if the law will authorize it. That question we have not considered, as it appears from the foregoing that such amendment would not avail the tenant, to pass the title, it not being an amendment showing that Pike chose an appraiser.

According to the agreement of the parties, judgment for the demandant.

HATHAWAY, MAY, GOODENOW, and DAVIS, J. J., concurred.